UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 14-2582-Otazo-Reyes

UNITED STATES OF AMERICA

vs.

NATHANIEL ERSKINE ROLLE,
MARIO WILCHCOMBE,
ALTEME HIBERDIEU BEAUPLANT, AND
KENO WADE RUSSELL,

       Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes \_\_X\_\_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes \_\_X\_\_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
    Kurt K. Lunkenheimer
    ASSISTANT UNITED STATES ATTORNEY
    Court ID No. A5501535
    99 N.E. 4th Street
    Miami, Florida 33132-2111
    TEL (305) 961-9008
    FAX (305) 530-7976
    Kurt.Lunkenheimer@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>NATHANIEL ERSKINE ROLLE,<br>MARIO WILCHCOMBE,<br>ALTEME HIBERDIEU BEAUPLANT, AND<br>KENO WADE RUSSELL,<br><br>*Defendant(s)* | ) ) ) ) ) ) )  Case No. 14-2582-Otazo-Reyes |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 4, 2014__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Did knowingly and willfully conspire to possess with the intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. 70503(a)(1); all in violation of 46 U.S.C. 70506(b). Pursuant to 46 U.S.C. 70506(a), and 21 U.S.C. 960(b)(1)(B)(ii), it is further alleged that this violation involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

See attached Affidavit.

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Salvador X. Aceves, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __05/09/2014__

_____
*Judge's signature*

City and state: __Miami, Florida__       Hon. Alicia M. Otazo-Reyes
*Printed name and title*

## AFFIDAVIT

I, Salvador Aceves, being duly sworn, hereby depose and state the following:

1. I am a Special Agent with the Drug Enforcement Administration (hereinafter DEA), and have been so employed since March 2005. I am presently assigned to the DEA, Miami Field Division (MFD), where I am responsible for conducting narcotics smuggling investigations involving the use of marine vessels. As a Special Agent with DEA, I have participated in numerous narcotics investigations, both international and domestic, involving physical and electronic surveillance and the control and administration of confidential sources.

2. The information contained in this affidavit is submitted for the sole purpose of establishing probable cause to arrest Nathaniel Erskine ROLLE, Mario WILCHCOMBE, Alteme Hiberdieu BEAUPLANT, and Keno Wade RUSSELL for violations of Title 46, United States Code, Sections 70503(a)(1) and 70506(b), that is, having knowingly and willfully conspired to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States.

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation as well of my review of records, documents, and other physical items obtained during the course of this investigation.

4. On May 3, 2014, at approximately 11:22 p.m., local time, while on routine patrol in the Caribbean Sea, the United States Coast Guard Cutter ("USCGC") CHARLES SEXTON

detected a go-fast vessel, in international waters and upon the high seas, which upon observation of the USCGC CHARLES SEXTON, increased speed and began jettisoning bales into the water. A high speed pursuit ensued as the go-fast attempted to evade law enforcement. The go-fast vessel was interdicted a short time later. The go-fast vessel was interdicted approximately twenty-five (25) nautical miles from Haiti, in international waters and upon the high seas.

5.   The Master of the vessel, ROLLE, claimed Bahamian Nationality, the vessel registration number on the bow of the vessel is NP 011436. Prior to the boarding, at approximately 2:06 a.m., on May 4, 2014, the Ship Boarding Provision of the Bahamian Comprehensive Maritime Agreement had been authorized by the Royal Bahamian Defense Force (RBDF). The USCG boarding team then conducted a boarding of the go-fast vessel. On board were five crewmembers, later identified as ROLLE, the Master of the vessel, a Bahamian National, Pepe Anri, a juvenile Haitian National, WILCHCOMBE, a Bahamian National, BEAUPLANT, a Haitian National, and RUSSELL, a Bahamian National.

6.   During the boarding of the go-fast vessel, crew members of the USCGC CHARLES SEXTON searched the debris field of objects jettisoned by the go-fast vessel during the high speed pursuit. The USCGC CHARLES SEXTON recovered 42 bales from the water containing approximately 379 bricks of suspected marijuana, weighing approximately 861 kilograms, and two duffel bags containing approximately 35 kilograms of suspected cocaine from the debris field of objects jettisoned from the go-fast vessel. In addition, the USCGC CHARLES SEXTON recovered a global positioning ("GPS") device found floating among the debris. The substance in the bales tested positive for the presence of tetrahydrocannabinol ("THC") an

indicator of marijuana, and the substance in the duffel bags tested positive for the presence of cocaine.

7. United States law enforcement officers also requested from the Bahamian Ministry of Foreign Affairs whether or not they consented or waived objection to the enforcement of United States law by the United States. On May 7, 2014, the Bahamian Ministry of Foreign Affairs informed United States law enforcement officers that the Bahamas waived objection to the enforcement of United States law by the United States concerning the go-fast vessel interdicted by the USCGC CHARLES SEXTON. As such, pursuant to Title 46, United States Code, Section 70502(c)(1)(C), the go-fast vessel became a vessel subject to the jurisdiction of the United States.

8. On May 5, 2014, the USCGC CHARLES SEXTON transferred custody of ROLLE, ANRI, WILCHCOMBE, BEAUPLANT, and RUSSELL to the USCGC PAUL CLARK en route to Miami, Florida. On May 9, 2014, the USCGC PAUL CLARK transferred custody of ROLLE, ~~ANRI~~ aor, WILCHCOMBE, BEAUPLANT, and RUSSELL, to United States law enforcement officers, who, that same day, escorted the master and the three (3) crewmembers to Miami-Dade County, Florida, where ROLLE, ~~ANRI~~ aor, WILCHCOMBE, BEAUPLANT, and RUSSELL first entered the United States.

9.      Based on the foregoing facts, I submit that probable cause exists to believe that ROLLE, WILCHCOMBE, BEAUPLANT, and RUSSELL, while on board a vessel subject to jurisdiction of the United States, did knowingly and willfully conspire to possess with the intent to distribute a controlled substance, that is five kilograms or more of cocaine, in violation of Title 46, United States Code, Sections 70503 (a)(1) and 70506(b).

FURTHER AFFIANT SAYETH NAUGHT

SALVADOR X. ACEVES
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn and subscribed before me this
9th day of May, 2014 at Miami, Florida

HON. ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA